IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MAYRA ANDRADE-ROSILLO,**<br><br>                                Petitioner,<br><br>v.<br><br>**KAMALA D. HARRIS,**<br><br>                                Respondent. | Case No. 1:15-cv-00448 LJO MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 19]** |

    Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. She is represented by Frank P. Sprouls. Respondent, Attorney General of the State of California, is represented in this action by Brian G. Smiley, of the Office of the Attorney General for the State of California.[1]

---

[1] Petitioner named California Attorney General Kamala Harris as respondent. The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "state officer having custody" of her as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (quoting Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). This person typically is the warden of the facility in which the petitioner is incarcerated. Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Here, however, Petitioner was not incarcerated when she filed the petition. She was on probation, but probably no longer is, meaning that her probation officer probably would not be a proper respondent. That she is not incarcerated or on probation does not moot the petition, see Spencer v. Kemna, 523 U.S. 1, 8-12, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998)
(continued…)

## I. **BACKGROUND**

Petitioner was convicted of welfare fraud pursuant to a judgment of the Superior Court of California, County of Stanislaus. On August 28, 2012, Petitioner was sentenced to a determinate county jail term of sixty (60) days and three years of probation. (See Lodged Doc. No. 1.)

Petitioner did not appeal her conviction. However, Petitioner filed three post-conviction collateral challenges with respect to her conviction:

1. Stanislaus County Superior Court
   Filed: November 26, 2013[2];
   Denied: January 31, 2014;

2. California Court of Appeal, Fifth Appellate District
   Filed: August 6, 2014;
   Denied: August 14, 2014;

3. California Supreme Court
   Filed: September 10, 2014;
   Denied: November 12, 2014;

(See Lodged Docs. 2-9.)

On March 16, 2015, Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On January 8, 2015, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 19.) Petitioner filed an opposition to the motion on January 22, 2016. (Opp'n, ECF No. 22.) The matter stands ready for adjudication.

///

---

(…continued)
(courts may presume that a criminal conviction has continuing collateral consequences sufficient to avoid mootness), but it does mean that there is no warden, jailer, or probation officer who would be a proper respondent. Kamala Harris, the Attorney General, is properly named as the respondent. See Rule 2(b), Rules Governing Habeas Corpus Cases Under Section § 2254, 1975 advisory committee's note (when petitioner is not incarcerated or on probation or parole, proper respondent is the Attorney General).

[2] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L. Ed. 2d 245 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner was represented by counsel, and counsel filed the petitions on Petitioner's behalf. Petitioner is not entitled to the benefit of the 'mailbox' rule.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th

Cir. 1997).

In this case, the petition was filed on March 16, 2015 and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, Petitioner did not appeal the judgment issued on August 28, 2012. Accordingly, her conviction became final 60 days later on October 27, 2012. Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The AEDPA statute of limitations began to run the following day, on October 28, 2012. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

### C. Later Commencement Under 28 U.S.C. § 2244(d)(1)(D)

Petitioner, in her opposition, claims that she is entitled to the later commencement of the limitations period. (See Opp'n at 7-9.) Petitioner's primary claim is that her trial counsel was ineffective and failed to properly advise her of the immigration consequences of her plea or attempt to change the terms of the plea agreement to avoid immigration consequences. See Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L. Ed. 2d 284 (2009). Petitioner contends that she was not aware of the ineffective assistance of counsel claim until she consulted with, and eventually retained current counsel on August 26, 2013. (Opp'n at 7-9.)

Respondent contends that Petitioner was aware of the factual predicate of the claim either at the time of her conviction, or at the latest, on October 12, 2012, when Petitioner received notice from the Department of Homeland Security ("DHS") initiating removal proceedings based her state court conviction. (Mot. to Dismiss at 4-6.)

28 U.S.C. § 2244(d)(1)(D) states that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001) "Section 2244(d)(1)(D) does not demand the maximum diligence possible, but only 'due' or 'reasonable' diligence." Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010) (reversed on other grounds); Ford v. Gonzalez, 683 F.3d 1230, 1235 n2 (9th Cir. 2012).

Respondent presents the more persuasive argument. Petitioner was warned by the trial court that if she was not a citizen of the United States, the conviction "will have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." (See ECF No. 4-3 at 62.) Accordingly, she was made aware on August 28, 2012, that the conviction may result in negative immigration consequences.

However, Petitioner was provided even greater notice of the resulting consequences on her immigration status when provided a notice to appear from DHS on October 12, 2012. (See ECF No. 4-3 at 75-76.) The notice indicated that removal proceedings had been initiated against Petitioner based on the fact that she was a citizen of Mexico and that she was convicted of the crime of welfare fraud on August 28, 2012 in the Stanislaus County Superior Court. (Id.) The second page of the notice specifically stated that Petitioner was subject to removal from the United States based on her conviction of an aggravated felony resulting in the loss to the Government of an excess of $10,000. (Id.)

The Court holds that the October 12, 2012 notice from DHS provided Petitioner sufficient notice that as a result of her conviction, DHS had initiated proceedings to remove her from the United States. (See ECF No. 4-3 at 75-76.) Based on this notice, a reasonable person in Petitioner's position would be placed on notice that she was facing removal due to the conviction. If, as asserted, trial counsel did not advise her of any immigration consequences, the DHS notice made Petitioner aware that the lack of such advice was in error. Under Section 2244(d)(1)(D), Petitioner need only have knowledge of the important facts underlying the claim, not the legal significance of the claim. Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001). The information provided in the notice from DHS initiating removal proceedings would provide an objectively reasonable person in Petitioner's position knowledge that the August 28, 2012 conviction was the reason that DHS sought her removal. As of October 12, 2012, Petitioner reasonably knew that her counsel improperly advised her if he did not advise her of adverse immigration consequences of the conviction.

Petitioner argues that the factual predicate was not discovered until she retained her present counsel on August 26, 2013 and was told by counsel that she would be subject to removal. Petitioner's claim lacks merit. Petitioner was aware of the underlying facts leading to the removal proceedings upon receiving the DHS notice on October 12,

2012. She did not need to know the legal significance of the facts, including whether there was any way to avoid removal. Petitioner, through the use of reasonable diligence, could have been aware of the legal consequences of her conviction upon receiving the DHS removal notice on October 12, 2012. However, rather than show concern over the notice, Petitioner delayed over ten months to obtain counsel and discover the legal consequences of her conviction. Petitioner's ten month delay in seeking assistance of counsel regarding her criminal appeal, or removal proceeding shows a lack of reasonable diligence as required under Section 2244(d)(1)(D).  Ford v. Gonzalez, 683 F.3d at 1235 n2.

As Petitioner was aware, or could have discovered the factual predicate of the claim on October 12, 2012, she is not entitled a later commencement of the limitations period. Her conviction did not become final until October 27, 2012, after the date she reasonably was aware of the factual predicate of her claim. Petitioner is not entitled to a later commencement of the limitations period under Section 2244(d)(1)(D). Further, as described below, even assuming Petitioner was entitled to a later commencement of the statute of limitations period until after she retained post-conviction counsel on August 23, 2013, this petition would remain untimely.

**D.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was

7

timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

In this case, Petitioner's conviction became final on October 27, 2012, and the limitations period began to run the next day. The limitations period expired one year later on October 27, 2013, prior to Petitioner's filing of any state habeas petitions.

While Petitioner filed post-conviction challenges starting on November 27, 2013, petitions filed after the expiration of the statute of limitations period have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

The present petition was filed on March 16, 2015, over a year after the expiration of the year statute of limitations period. The instant federal petition is untimely.

As stated above, even if Petitioner was entitled to the later commencement of the limitations period, the present petition would still be untimely filed. Assuming that the limitations period commenced on the date that Petitioner retained her present counsel on August 26, 2013, the limitations period would begin running the next day on August 27, 2013. Petitioner filed a state habeas petition on November 26, 2013, in the Stanislaus County Superior Court. As of November 26, 2013, 91 days of the limitations period had elapsed. Petitioner is entitled to tolling during the pendency of the petition. Accordingly, the limitations period is tolled from November 26, 2013, until the date the petition was denied on January 31, 2014. As 91 days of the limitations period already elapsed, 274 days remained as of January 31, 2014.

Petitioner filed her second petition with the California Court of Appeal on August 6, 2014. Accordingly, Petitioner delayed 187 days from the denial of her first petition to the filing of her second habeas petition. Unexplained delays of such duration are unreasonable, and not entitled to statutory tolling. See Velasquez v. Kirkland, 639 F.3d

964 (9th Cir. 2011) (unexplained eighty and ninety-one day delays in filing are unreasonable under California law and prevent tolling of AEDPA's one year statute of limitations.).

Petitioner filed her second petition with the California Court of Appeal on August 6, 2014. As an additional 187 days of the limitation period elapsed between the filing of the first and second petitions, 87 days of the limitations period remained on August 6, 2014. Petitioner is entitled to tolling during the pendency of the second through third petitions, and the interval between filing, as it was less than the thirty to sixty days that courts have found to be reasonable. As such, 87 days of the limitations period remained on November 12, 2014, the date of denial of the third, and last, state habeas petition.

The statute of limitations expired 87 days later on February 7, 2015. The present petition was filed on March 16, 2015, over a month after the expiration of the year statute of limitations period. The instant federal petition would remain untimely even if Petitioner was given the benefit of a later commencement of the limitations period based on the later discovery of the factual predicate.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In her opposition, Petitioner claims she is entitled to equitable tolling of the limitations period based on the egregious conduct of trial counsel.

In her opposition, Petitioner argues that her trial counsel's failure to advise her of the consequences of her plea or attempt to negotiate a different plea should serve to toll the limitations period. (Opp'n at 14.)

Sufficiently egregious attorney misconduct may provide sufficient grounds for equitable tolling. See Doe v. Busby, 661 F.3d 1001, 1012 (9th Cir. 2011); Maples v.

1   Thomas, 132 S. Ct. 912, 924, 181 L. Ed. 2d 807 (2012) ("We agree that, under agency
2   principles, a client cannot be charged with the acts or omissions of an attorney who has
3   abandoned him."); Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2564, 177 L. Ed.
4   2d 130 (2010); Mackey v. Hoffman, 682 F.3d 1247, 2012 U.S. App. LEXIS 12925 (9th
5   Cir., June 25, 2012) (holding abandonment of counsel as equitable grounds to allow
6   petitioner to file an untimely appeal from the district court's denial of his habeas
7   petition.).

8       Based on the evidence presented to the Court, Petitioner has not shown
9   egregious misconduct on the part of counsel. First, Petitioner makes no showing that her
10  trial counsel's representation at trial prevented her from filing this petition earlier. Instead,
11  Petitioner only describes ineffective assistance of counsel for failure to disclose or
12  mitigate the immigration consequences of the conviction. Petitioner presents no
13  argument as to how trial counsel's actions delayed or otherwise prevented her from the
14  earlier filing of her state or federal habeas petitions.

15      Second, and more importantly, Petitioner was represented by present counsel
16  since August 23, 2013, over two months before the statute of limitations period expired.
17  Counsel incorrectly calculated applicable time restrictions or otherwise failed to file
18  Petitioner's federal habeas petition within the one year limitations period. The Supreme
19  Court has held that attorney negligence and miscalculation of the limitations deadline
20  does not constitute extraordinary circumstances warranting equitable tolling. See
21  Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007)
22  ("[a]ttorney miscalculation simply not sufficient to warrant equitable tolling, particularly in
23  the postconviction context where prisoners have no constitutional right to counsel");
24  Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir. 2002) (attorney's miscalculation of
25  limitations period did not constitute extraordinary circumstances); Frye v. Hickman, 273
26  F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's general negligence and
27  miscalculation of limitations deadline did not constitute extraordinary circumstances that
28  warranted equitable tolling in a non-capital habeas case).

Petitioner has not shown egregious conduct by counsel based on counsel's late filing of her federal habeas petition. While it was possible for counsel to attempt to toll the limitations period by filing Petitioner's state habeas petitions in a more expedited fashion, or file a protective federal habeas petition, counsel failed to do so. It appears, based on Petitioner's objections to Respondent's motion to dismiss that counsel misunderstood or miscalculated the relevant limitations period. Such conduct does not warrant equitable tolling. Petitioner is not entitled to equitable tolling based on the egregious conduct of counsel.

### III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner is not entitled to the benefit of statutory or equitable tolling, and the federal petition is untimely filed. Further, even if provided the benefit of statutory tolling, the petition would remain untimely. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

### IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate

Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   January 26, 2016          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE